1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO THOMPSON,

11           Plaintiff,                    No. 2:12-cv-0776 KJM DAD P

12       vs.

13   D. ROSARIO et al.,

14           Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5                                       **SCREENING REQUIREMENT**

6               The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Officer Rosario, Sergeant Primm, and Lieutenant Sanchez as the defendants.  Plaintiff alleges that, on or about November 29, 2009, defendant Rosario used unnecessary force against him when he pushed plaintiff into his cell after removing plaintiff's mechanical restraints.  According to plaintiff, both defendants Primm and

1  Sanchez subsequently became aware of defendant Rosario's alleged use of force against plaintiff,

2  and defendant Primm threatened to send plaintiff to "ad-seg" if he pursued an excessive force

3  complaint about the incident.  According to plaintiff, defendant Rosario's use of force resulted in

4  plaintiff injuring his back.  Plaintiff claims that the defendants have violated his rights under the

5  Eighth Amendment.  In terms of relief, plaintiff requests monetary damages.  (Compl. Attach. at

6  1-7.)

7                                                        **DISCUSSION**

8               The allegations in plaintiff's complaint are so vague and conclusory that the court

9  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

10  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

11  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

12  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

13  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

14  with at least some degree of particularity overt acts which defendants engaged in that support his

15  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

16  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

17  amended complaint.

18               If plaintiff chooses to file an amended complaint, he must allege facts

19  demonstrating how the conditions complained of resulted in a deprivation of his federal

20  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

21  amended complaint must allege in specific terms how each named defendant was involved in the

22  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

23  some affirmative link or connection between a defendant's actions and the claimed deprivation.

24  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

25  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

26  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

                                                            4

1  F.2d 266, 268 (9th Cir. 1982).

2        If plaintiff wishes to proceed on an excessive use force claim against defendant

3  Rosario, he is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual

4  punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain"

5  constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley

6  v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

7  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel

8  and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

9  faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

10  Whitley, 475 U.S. at 319.

11        What is needed to show unnecessary and wanton infliction of pain "varies

12  according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.

13  1, 5 (1992) (citing Whitley, 475 U.S. at 320).  To prevail on an Eighth Amendment claim the

14  plaintiff must allege and show that objectively he suffered a "sufficiently serious" deprivation.

15  Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also

16  show that subjectively each defendant had a culpable state of mind in allowing or causing the

17  plaintiff's deprivation to occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

18        It is well established that "whenever prison officials stand accused of using

19  excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

20  judicial inquiry is that set out in Whitley, i.e., whether force was applied in a good-faith effort to

21  maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S.

22  at 6-7.  However, a prisoner is not required to allege and show a "significant injury" to establish

23  that he suffered a sufficiently serious constitutional deprivation.  Hudson, 503 U.S. at 9-10.

24        In any amended complaint plaintiff elects to file, he will need to elaborate on the

25  circumstances surrounding his confrontation with defendant Rosario and explain why and in

26  what manner he believes the defendant used force maliciously and sadistically to cause harm and

1   violated his rights under the Eighth Amendment in light of the legal standard discussed above.  In

2   addition, plaintiff will need to explain why he has named defendants Primm and Sanchez as

3   defendants in this action.  Even if these defendants became aware of defendant Rosario's alleged

4   use of excessive force against plaintiff, their awareness of the incident in and of itself does rise to

5   the level of a separate Eighth Amendment violation on their part.  In this regard, in any amended

6   complaint plaintiff elects to file, he may choose to name defendant Rosario as the sole defendant,

7   or he must clarify how it is that defendants Primm and Sanchez violated his federal or

8   constitutional rights.

9          Plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This is because, as a

12   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

13   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

14   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

15   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

16

17          1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19   The fee shall be collected and paid in accordance with this court's order to the Director of the

20   California Department of Corrections and Rehabilitation filed concurrently herewith.

21          3.  Plaintiff's complaint is dismissed.

22          4.  Plaintiff is granted thirty days from the date of service of this order to file an

23   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

25   docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

26   amended complaint in accordance with this order will result in a recommendation that this action

6

1   be dismissed without prejudice.

2           5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

3   civil rights action.

4   DATED: July 5, 2012.

5

6   _____

7   DAD:9                 DALE A. DROZD

    thom0776.14a       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26