UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO THOMPSON, | No. 2:12-cv-0776 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| DAVID ROSARIO, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

On September 27, 2013, counsel on behalf of defendant Rosario filed a motion for summary judgment, arguing that defendant Rosario is entitled to judgment as a matter of law with respect to plaintiff's excessive force claim against him. On October 28, 2013, plaintiff filed a motion seeking a thirty (30) day extension of time to file an opposition to defendant's motion, which the court granted. (Doc. Nos. 36 & 37.) However, that thirty day period has since expired, and plaintiff has not filed his opposition or otherwise responded to defendant's motion for summary judgment.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On December 10, 2012, plaintiff was advised of the

1

requirements for filing an opposition to a motion for summary judgment[1] and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed December 10, 2012, plaintiff was advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Good cause appearing, IT IS HEREBY ORDERED that, within fourteen (14) days of the date of this order, plaintiff shall file an opposition, if any, to the defendant's motion for summary judgment. Failure to file an opposition will be deemed as a statement of non-opposition to the pending motion and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b).

Dated: December 20, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
thom0776.46

---

[1] The court will attach the requirements for opposing defendant's motion for summary judgment to this order.

2

## Rand Notice to Plaintiff

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.